An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1011

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

|  |  |
|---|---|
| v. | Johnston County |
|  | Nos. 10 CRS 53554 |
| ALEXANDER KORNEGAY, JR. | 11 CRS 3596 |

Appeal by defendant from judgment filed 21 February 2013 by Judge Lucy N. Inman in Johnston County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph E. Herrin, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Mary Cook, for defendant-appellant.*

ELMORE, Judge.

Alexander Kornegay Jr., (defendant) was convicted of obtaining property by false pretenses. Defendant pled guilty to having attained habitual felon status, and the trial court sentenced him to 96 to 125 months imprisonment. Defendant appeals. After careful consideration, we hold that defendant received a trial free from error.

## I.  Background

The State's evidence tended to show that defendant purchased a 2006 Dodge Ram truck for $13,995 from Rock City Auto Sales (Rock City) on 3 April 2010.  After defendant tendered a check for $2,000 as a down payment and financed the balance through a lender, defendant took possession of the truck. Defendant's $2,000 check, however, was returned for being drafted on a closed account.  Rock City attempted to contact defendant several times before employees found the truck parked outside of the dealership.  The truck was damaged and had thousands of additional miles on the odometer.

## II.  Analysis

Defendant contends that the trial court erred by failing to intervene *ex mero motu* in response to the prosecutor's remarks during closing arguments.  We disagree.

Where, as here, the defendant failed to object to a prosecutor's allegedly improper arguments at trial, the standard of review on appeal is whether the remarks were so grossly improper that the trial court committed reversible error by not intervening *ex mero motu*.  *State v. McNeill*, 360 N.C. 231, 244, 624 S.E.2d 329, 338, *cert. denied*, 549 U.S. 960, 166 L. Ed. 2d 281 (2006).  Under this standard, the remarks must be "so

prejudicial and grossly improper as to interfere with [the] defendant's right to a fair trial." *State v. Alford*, 339 N.C. 562, 571, 453 S.E.2d 512, 516 (1995). In evaluating a prosecutor's statements, an appellate court must consider them in the context in which they were made. *State v. Lloyd*, 354 N.C. 76, 113, 552 S.E.2d 596, 622 (2001).

Defendant takes issue with two comments made by the prosecutor during closing arguments. First, defendant argues that the prosecutor inflamed the jury by comparing defendant's alleged crime to "somebody walk[ing] into a bank and put[ting] a gun to him and sa[ying] give me your money." Second, defendant argues that the prosecutor made disparaging remarks about defense counsel by referring to defense counsel's questions as "Blah, blah, blah" and by commenting "[i]t's almost like [the defense] tried to blame [the victims]."

Even if improper, defendant has not shown that these remarks infected the trial with unfairness rendering defendant's conviction fundamentally unfair. The remarks were brief when compared to the closing argument as a whole, and the prosecutor made the comments in the context of a proper argument—highlighting the credibility of the State's witnesses, which included the Rock City Auto Sales co-owner and sales person.

*See State v. Fletcher*, 354 N.C. 455, 484-85, 555 S.E.2d 534, 552 (2001) (reasoning that when "[t]he offending comment was not only brief, but its overall significance to the entire closing argument was minimal[] and the comment was made in the context of a proper [] argument[,]" it was not grossly improper). Based upon the brevity of the statements and their context within a proper argument, we cannot say that the trial court committed reversible error by failing to intervene *ex mero motu*. Therefore, we hold that the trial court did not err in failing to intervene during the prosecutor's closing argument. Accordingly, we conclude that defendant received a trial free from error.

No error.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).